## Case No. 17,660.

### WILKES v. ELLIOT.

[5 Cranch. C. C. 611.] [1]

Circuit Court, District of Columbia. Nov. Term, 1839.

EJECTMENT — AMENDMENT OF DECLARATION — ADVERSE POSSESSION—PAROL DECLARATIONS—LIMITATION—COLOR OF TITLE—TAX TITLE—EVIDENCE—ACCOUNT BOOK.

1. With the leave of the court, the plaintiff in ejectment may amend his declaration by a count upon a new demise, which count will be considered as the commencement of the suit as to the title claimed under that new demise.

[Cited in Wood v. Wood, 59 Ark. 44, 27 S. W. 642.]

2. A plaintiff in ejectment may recover without showing a possession, or a right of possession, or an entry, or a right of entry in his lessor within twenty years; no adversary possession being shown.

3. A parol declaration by the lessor of the plaintiff, that he had not authorized the suit, is not competent to show the title to be out of the lessor of the plaintiff.

4. The defendant's possession for twenty years, is no bar in ejectment, unless the defendant or the person under whom he claims, entered originally under color or claim of title; or, unless, being in possession, he set up a color or claim of title hostile to that of the lessor of the plaintiff, more than twenty years before the commencement of the suit, and continued in possession ever since.

5. But if the defendant, or the person under whom he claims, entered upon and inclosed the premises, more than twenty years before the commencement of the suit, without any recognition of the title of the lessor of the plaintiff, but claiming them as his own; and continued to occupy them until suit brought, the jury may infer that the possession was adverse; and if so the plaintiff cannot recover.

6. A person who holds a bare possession of a lot in Washington, without evidence of any bona fide title, in fee, in law or in equity, (such possession being either adverse or tortious as

[1] [Reported by Hon. William Cranch, Chief Judge.]

to the legal title and estate of the lessor of the plaintiff, or subordinate to such title and estate.) cannot protect his possession, after paying previous taxes, by clothing it with the legal title, obtained by refusing to pay subsequent taxes, with intent to purchase the lot at the tax-sale.

7. If the party, who calls for an account-book in the possession of the other party, examines it, he makes it evidence for such other party.

8. A purchase at a tax-sale, and inclosed possession under it, give color of title.

Ejectment for lot No. 17, in the square No. 634, in the city of Washington. The original declaration was upon the demise of Charles Wilkes only; was filed on the 7th. and was served on the 30th of September, 1836. Three other counts were, by leave of the court, filed on the 9th of April, 1839. One of them was on the demise of John G. Ladd; another on the demise of Joseph B. Ladd and Sarah Ladd, residuary legatees of John G. Ladd; and the fourth on the demise of Joseph B. Ladd. The plaintiff claimed under John G. Ladd, who purchased the lot at a sale made under a decree of this court, upon the foreclosure of a mortgage made to him by one Amariah Frost, who had a good title from the commissioners of the city of Washington. The defendant relied upon twenty years' adverse possession, under a contract of sale by one Charles Glover, who purchased at the tax-sale on the 21st of December, 1812. and obtained a deed from the corporation in 1815. This cause was submitted to the jury at April term, 1839, after several days' argument. but they could not agree, and were discharged by consent of the parties; and the cause was continued to the present term.

On the trial, Mr. Coxe, for defendant, contended that the plaintiff must show Mr. Ladd to have been in possession within twenty years before the commencement of the suit; and that the title of the lessor of the plaintiff must be a subsisting title at the time of trial. 5 Wheeler, Abr. 19, 24; Doe v. Fillis, 2 Chit. 170; Den v. Morris, 2 Hals. [7 N. J. Law] 6; 1 Munf. 454; Bull. N. P. 106.

Mr. Coxe prayed the court to instruct the jury, that the plaintiff cannot recover on the evidence stated; not having shown a possession, nor a right of possession, nor an entry, nor a right of entry, within twenty years.

But THE COURT (THRUSTON, Circuit Judge, absent) refused to give the instruction, no adverse title or possession having been shown.

The defendant then offered evidence of a conversation, in which Mr. Joseph B. Ladd, the lessor of the plaintiff, said he had not authorized his name to be used; but he did not know but that the Bank of the United States, to whom he had made a deed. would be authorized to use his name; and said further, that he then, (at the time of the conversation,) had no claim upon or interest in, the premises.

Whereupon, R. J. Brent, for defendant, prayed the court to instruct the jury, that the plaintiff cannot recover upon the demise of the said Joseph B. Ladd, if the title is shown to be out of him at the time of the demise.

But THE COURT refused to give that instruction, being of opinion that the said oral declarations of the lessor of the plaintiff, were not competent evidence to show the title to be out of him; and if it were competent for the defendant to show the title to be out of the lessor of the plaintiff by parol declarations, those made by the plaintiff's lessor, as stated, were too vague to have that effect.

The defendant having given evidence tending to prove twenty years' adverse possession by himself and his father, under whom he claims;

Mr. Bradley, for plaintiff, prayed the court to instruct the jury, that unless they should find from the evidence that Mr. Elliot, the defendant's father, originally entered into the possession of the said lot, claiming to hold the same under color and claim of title, either in his own right, or under the said Charles Glover (who had purchased the lot at a tax-sale, and contracted to sell it to the said W. Elliot), and exclusive of any other right; or, that being in possession thereof, without the assent of John G. Ladd, the ancestor of the lessor of the plaintiff, he the said W. Elliot in his lifetime, more than twenty years before the 9th of April, 1839 (the day on which the count upon the new demise under Joseph G. Ladd was filed), set up a color and claim of title either in himself, or under the said Charles Glover, and exclusive of any other right, and that the said possession continued in himself and the defendant ever after; unless the jury shall find the said facts, the possession of the said W. Elliot in his lifetime, and the possession of the defendant, are to be deemed and taken to be consistent with, and in subordination to the title of the lessor of the plaintiff, and do not constitute a defence to the present action.

Which instruction THE COURT gave; and also, at the prayer of Mr. Coxe, the defendant's counsel, instructed the jury that they might infer from the circumstances so in evidence before them, that the title claimed by Charles Glover and, after October, 1818, by W. Elliot and the defendant, was adverse to the title of the said Ladd, in its inception, and during its continuance, and exclusive of the title of any other party.

Mr. Coxe, for defendant. then prayed the court to instruct the jury. in effect, that if the defendant and his father, under whom he claims title, have held possession of the lot adversely to the title of the lessor of the plaintiff, more than twenty years before the 9th of April, 1839, when the new count was filed upon the demise of Joseph G. Ladd, the plaintiff is not entitled to recover upon that count.

Which instruction THE COURT gave; MORSELL, Circuit Judge, doubting, and THRUSTON, Circuit Judge, absent.

The defendant, having given evidence that the lot was assessed in his name, that he paid the taxes on the lot for the years 1820 and 1821, but that the taxes being in arrear and unpaid for the years 1822 and 1823. it was sold for those taxes. and purchased by his agent, John Lessford, who received a deed from the mayor

of Washington, and then made a deed of the lot to the said W. Elliot,

Mr. Coxe, for defendant, prayed the court to instruct the jury that if they should believe that evidence in relation to the sale for taxes, the plaintiff was not entitled to recover.

But THE COURT refused to give the instruction.

Mr. Coxe, for defendant, then prayed the court, in effect, to instruct the jury, that if W. Elliot was in possession of the lot, claiming to hold the same in his own right, and adversely to any other person; and, with a view to fortify and secure his possession and title, he omitted to pay the taxes for 1822 and 1823; and that the premises were accordingly sold in 1825 for the said taxes, after due notice and advertisement, and purchased at such tax-sale for his benefit, such purchase was lawful, and the defendant, claiming under the said W. Elliot, is fully protected thereby; and the plaintiff is not entitled to recover.

Which instruction THE COURT refused to give.

Mr. Jones, for plaintiff, then prayed the court to instruct the jury, that if, when the taxes were assessed and in arrear as aforesaid, and when the lot was advertised and sold for taxes, as aforesaid, the said W. Elliot held the bare possession of the said lot, without evidence of any bonâ fide title in fee, at law or in equity, to the same, and that such possession was either adverse or tortious, as to the legal title and estate of the said John G. Ladd, or his devisee, the lessor of the plaintiff; or was subordinate to such title and estate, and that the said Elliot, after having paid the said taxes so assessed for the years 1821 and 1822, purposely and designedly suffered the said taxes to fall in arrear as aforesaid, to the end of having the said lot so sold for such taxes, and of procuring the same to be bought in for him, with the intent, purpose, and design of clothing such his adverse and tortious, or subordinate possession with the legal estate, and of defeating and divesting the legal title and estate of the said John G. Ladd, or of his said devisee, then such sale for taxes, and such conveyances in execution of such sale were inoperative so as to clothe such bare possession of the said Elliot with the legal estate, and thereby to divest and defeat the legal title and estate of the said J. G. Ladd, or his said devisee.

Which instruction THE COURT gave.

THE COURT decided, that if the plaintiff examines the account-book called for by him, in the possession of the defendant, he makes the book evidence for the defendant.

Mr. Coxe, for defendant, further prayed the court to instruct the jury, in effect, that if the said Glover purchased the lot at a tax-sale in 1812, and W. Elliot entered into and inclosed the same in 1815, or in the spring of 1816, claiming the same under a contract, verbal or written, with the said Glover; and the said W. Elliot, and the defendant claiming by conveyance from him, has ever since held the same under inclosure, claiming it as his own, then the plaintiff is not entitled to recover.

Verdict and judgment for the defendant.